IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GARNETT GILBERT SMITH | * | |
| Petitioner, | | CIVIL ACTION NO. JKB-17-2304 |
| v. | * | CRIMINAL ACTION NO. JKB-12-0479 |
| UNITED STATES OF AMERICA | * | |
| Respondent. | | |

\*\*\*\*\*

## **MEMORANDUM**

On August 10, 2017, Garnett Gilbert Smith, who is confined at the Federal Correctional Institution at McDowell in Welch, West Virginia, filed a "motion to show cause as to why petitioner's escape should be removed from the record." *United States v. Smith*, Criminal No. JKB-12-0479 (D. Md.) at ECF No. 213. The motion was treated as a 28 U.S.C. § 2255 motion to vacate and the government was ordered to respond. *Id*. at ECF No. 214. The government duly filed its response. ECF No. 216. Also filed by Smith is his *Pro Se* Request for Explanation/Court Intervention for an Unexplained Collateral Consequence of Guilty Plea, ECF No. 208, to which the government has responded, ECF No. 215.

As for the motion relating to the escape designation, the government has responded presenting a two-fold argument for dismissal. First, the government asserts that Smith's filing should not be construed as a § 2255 motion as he does not seek to set aside or correct his conviction or sentence, but rather seeks a correction or explanation as to the reference of his "escape offense" included in his pre-sentence report ("PSI"). The government argues that as the PSI does not include an erroneous escape conviction in Smith's criminal history, the PSI need not be corrected. *Id*. at ECF No. 216. Second, the government argues that should the court construe Smith's motion as a motion to vacate it should be barred as a second or successive

§ 2255 motion because he has not received authorization to file the motion to vacate. *Id*. at 2, n.1.

**Criminal Case History**

Smith was convicted of one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. On January 30, 2014, Smith was sentenced to a 300-month term of confinement in the U.S. Bureau of Prisons ("BOP") and a supervised-release term of five years. Smith was also ordered to pay a special assessment of $100.00. Judgment was entered on January 31, 2014. *Id*. at ECF No. 105. On September 25, 2014, the United States Court of Appeals for the Fourth Circuit affirmed the criminal judgment. *See United States v. Smith*, 583 F. App'x 230 (4th Cir. 2014).

On September 24, 2015, a self-represented motion to vacate was filed by Smith, raising ineffective assistance of counsel grounds. *United States v. Smith*, Criminal No. JKB-12-0479 (D. Md.) at ECF No. 158. After briefing, the court reviewed all issues, denied the motion to vacate, and denied a certificate of appealability on January 8, 2015. *Id*. at ECF No. 175. On June 1, 2016, the Fourth Circuit denied a certificate of appealability and dismissed the appeal. *See United States v. Smith*, 651 F. App'x 184 (4th Cir. 2016).

**Analysis**

The law is well-settled that the district court lacks jurisdiction to consider a second or successive motion filed under 28 U.S.C. § 2255 unless the motion has been certified in advance by a panel of the appropriate circuit court of appeals and found to contain newly discovered evidence bearing on the innocence of the movant, or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h); *see also United States v. Winestock,* 340 F.3d 200, 205 (4th Cir. 2003). In this case, Smith filed a prior § 2255 motion, which related to the same judgment and sentence that he presently challenges.

To the extent that Smith's filing may be construed as a § 2255 motion, the court finds that Smith neither states, nor does the record show, that he has obtained prior authorization from the Fourth Circuit to bring this 28 U.S.C. § 2255 action. Thus, being without authorization, this court is unable to hear Smith's claim. *Winestock,* 340 F.3d at 205. The motion must be dismissed for lack of jurisdiction. *See Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000).

Alternatively, the court finds that Smith's motion merits no general relief by way of court order. Smith claims that while confined at a prior BOP facility in 2014, he was informed that an escape status was placed on him "for classification purposes." He states that he was later told that the matter derived from the United States District Court. *United States v. Smith*, Criminal No. JKB-12-0479 (D. Md.) at ECF No. 213 at 2.

The government maintains that Smith's PSI does not contain a reference to an "erroneous escape conviction," but does reflect convictions entered by the District Court of Maryland for Baltimore City[1] in 1988 on two counts of failure to appear ("FTA") and for which Smith was sentenced to 30 days of incarceration. The government argues that under BOP regulations, the BOP security classification system requires that an "inmate's entire background of criminal conviction (excluding the current offense) and institutional disciplinary findings [are to be] used to assess points related to his/her history of violence and/or history of escape." *See* BOP

---

[1] The District Court of Maryland for Baltimore City is a Maryland state court. It is not this Court in which Smith was convicted of conspiracy with intent to distribute and possess with intent to distribute cocaine.

3

Program Statement P5100.08.[2] The failure to appear or flight to avoid prosecution for any offense is to be counted under the escape history item, when there is a documented finding of guilt. *Id*. In light of Smith's state criminal convictions on the FTA counts, the court finds the BOP use of the convictions when classifying Smith to a security grouping does not violate policy or law.

With regard to Smith's *Pro Se* Request for Explanation/Court Intervention for an Unexplained Collateral Consequence of Guilty Plea, to the extent it constitutes a motion, it will be denied for the reasons stated by the government in its response.

## Certificate of Appealability

In addition to the above analysis, a certificate of appealability ("COA") must be considered. Unless a COA is issued, a petitioner may not appeal the district court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). When a district court dismisses a motion to vacate solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *see also Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 773-74 (2017). Petitioner has failed to make the requisite showing and the court declines to issue a certificate of appealability.

---

[2] This Program Statement governs federal inmates' security designations, custody classification, and transfers within the BOP system. *See* U.S. Dep't of Justice, Fed. Bureau of Prisons, P5100.08, Inmate Security Designation and Custody Classification (2006), https://www.bop.gov/policy/progstat/5100_008.pdf.

The motion to vacate will be dismissed without prejudice for lack of jurisdiction, and the *Pro Se* Request for Explanation/Court Intervention for an Unexplained Collateral Consequence of Guilty Plea, treated as a motion, will be denied. A separate Order shall be entered reflecting the opinion set out herein.

Date: October 19, 2017 /s/
James K. Bredar
Chief Judge